**In re Marshall E. LIPPMAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–921.**

District of Columbia Court of Appeals.

Submitted Sept. 12, 2002.
Decided Sept. 26, 2002.

Before REID and GLICKMAN, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

On July 17, 1997, the Supreme Court of the State of New York, Appellate Division, First Judicial Department, disbarred respondent Marshall E. Lippman after concluding that he intentionally converted client funds to his personal use in two cases, lied under oath, and engaged in a pervasive and egregious pattern of neglecting client matters. *See In re Lippman*, 232 A.D.2d 69, 661 N.Y.S.2d 195 (N.Y.App.Div.1997).

After Bar Counsel filed a certified copy of the disciplinary order with this court, we temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("the Board"). The Board recommends reciprocal disbarment. Bar Counsel has informed the court that she takes no exception to the Board's recommendation. Respondent has not filed any opposition to the Board's recommendation.

■ There is a rebuttable presumption that the sanction imposed by this court in a reciprocal discipline case will be identical to that imposed by the original disciplining court. *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). This presumption is rebutted only if the respondent demonstrates, or the face of the record reveals, by clear and convincing evidence the existence of one of the conditions enumerated in D.C. Bar R. XI, § 11(c). *See* D.C. Bar R. XI, § 11(f).

■ Respondent's failure to file any exception to the Board's report and recom-

mendation is treated as a concession that reciprocal disbarment is warranted. *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C. 1995); *see also* D.C. Bar R. XI, § 11(f). Disbarment is the appropriate sanction in nearly all cases of intentional misappropriation, *In re Addams*, 579 A.2d 190 (D.C. 1990) (en banc), and the record supports the Board's recommendation in this case. Accordingly, it is

ORDERED that Marshall E. Lippman is hereby disbarred from the practice of law in the District of Columbia. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*